# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert Joost, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 10-40088-DJC |
| | ) |
| J. Grondolsky, Warden, FMC Devens, | ) |
| | ) |
| Respondent. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING PETITIONER'S OBJECTIONS

**CASPER, J.**                                                                                                  April 8, 2011

After the time had passed for Petitioner Robert Joost ("Joost") to file objections to the January 14, 2011 report and recommendation (Sorokin, M.J.) in this matter recommending dismissal of his petition for writ of habeas corpus on the respondent's motion to dismiss, the Court adopted the report and recommendation. Joost thereafter filed a motion to reconsider indicating that he had not received a copy of the report and recommendation and, therefore, did not have an opportunity to file objections in a timely fashion. In response to the motion, the Court granted Joost additional time to file objections to the report and recommendation which he has now done.

The Court, having reviewed Joost's objections *de novo* as required under 28 U.S.C. § 636(b)(1), now addresses those objections. In his objections, Joost argues that there is a "conflict" with the Judgment and Commitment ("J&C") for the Hobbs Act conspiracy conviction and the felon-in-possession conviction for which he is currently serving a prison term. The conflict alleged

1

is that the J&C for the Hobbs Act conviction ("Hobbs Act J&C"), imposed on September 8, 1995 and later affirmed, United States v. Joost, 94 F.3d 640 (1st Cir. 1996) (Table), was to be served concurrently with the J&C for the felon-in-possession conviction ("Felon-in-possession J&C"). However, after the First Circuit reversed the latter conviction, United States v. Joost, 92 F.3d 7, 13-14 (1st Cir. 1996), and Joost was retried, convicted and sentenced in 1997 on that charge to 198 months by a different judge (Torres, J.), the newly imposed Felon-in-possession J&C provided that 72 months of the sentence would be served consecutively to his Hobbs Act sentence and the remaining 126 months would be served concurrently to that sentence. Joost's objections allege that the magistrate judge's reasoning is "flawed" because it failed to focus on the concurrent term of the Hobbs Act J&C and involved an "erroneous legal assumption" that there was "no ambiguity" between the J&Cs.

The Court rejects Joost's objections for a number of reasons. As an initial matter, the Court notes that the nature of Joost's objections mirror the allegations that he made in his petition and, as such, were considered by the magistrate judge in his report and recommendation to this Court. However, even upon *de novo* review, the Court reaches the same conclusion reached in the report and recommendation. Addressing Joost's argument necessarily requires, as the report and recommendation recognized, consideration of both the Hobbs Act J&C and the Felon-in-Possession J&C since both govern his term of imprisonment. There is no ambiguity in the two J&Cs nor is there any ambiguity in applying them together to govern the term of Joost's sentence. The Hobbs Act J&C imposed in 1995 was to be concurrent to the felon-in-possession sentence, originally imposed and later vacated. The felon-in possession J&C imposed, after retrial and re-sentencing, is clear on its face that only 126 months will be concurrently served with the Hobbs Act J&C

2

originally imposed. Moreover, the argument that the entire sentence for the felon-in-possession should run concurrently with the Hobbs Act conviction has been rejected by the First Circuit. United States v. Joost, 133 F.3d 125, 131-32 (1st Cir. 1998). Given the lack of ambiguity, the Bureau of Prisons has not committed any error in implementing the Hobbs Act J&C and the Felon-in-Possession J&C and executing Joost's sentence.

For the foregoing reasons, Joost's objections to the report and recommendation of Magistrate Judge Sorokin are overruled and the report and recommendation is adopted by the Court. Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied and this matter is dismissed.

**So ordered.**

/s/ Denise J. Casper
United States District Judge